Battle, J.
 

 The transcript of the record of the suit, in which the judgment was entered, which the plaintiff seeks to have amended, shows that the action was debt upon a specialty ; that the pleas, which had been entered, were withdrawn in the County Court, where the suit had been commenced, and that the clerk entered up a judgment by default, according to specialty filed, for $1278, with interest from the 15th March, 1855, and for costs; that upon an appeal to the Superior Court, there being no pleas, judgment of the Court was given, “ that the plaintiff do recover against the defendants $1273 principal, and $26,48 interest, and for costs to be taxed by the clerk.” This judgment was, of course, one by default for want of a plea, and was entered by the clerk, who calculated the interest due by law on the specialtj', without a writ of enquiry, and included the amount in the final judgment, as he was authorised to do by 91 sec. of 31 ch. of Rev. Code. A judgment thus rendered, must be regarded as an office one, because the clerk is directed by the act, to which we have referred, to calculate the interest due on the specialty sued on, without a writ of enquiry, and the amount thus ascertained is to be included in the final judgment. There was no actual adj udication of the Court as to the amount of the interest, and if the clerk make a mistake in his calculation, the Court always possesses the power to correct a judgment at any time upon being satisfactorily informed of the existence of the error. The subject has been so often before this Court, and been so fully discussed, and the power of the Court to amend such judgments, has been so firmly settled, that we shall add noth
 
 *156
 
 Ing more, except to refer to the cases of
 
 Winslow
 
 v. Anderson, 3 Dev. and Bat. Rep. 13;
 
 Bender
 
 v. Ashew, 3 Dev. Rep. 149;
 
 Williams
 
 v. Beasley, 13 Ire. Rep. 112;
 
 Powell
 
 v. Jopling, 2 Jones’ Rep. 400.
 

 Ilis Honor, in the Court below, admitted that if the judgment were an office one, he had the power to permit the amendment to be made, and his error consisted in supposing that it was a regular, judgment entered up according to the ■course of the Court; the distinction between which and an office judgment, will be found to be clearly pointed out in the cases to which we have referred. The judgment of the Superior Court must be reversed, and this must be certified to that Court, in order that the amendment may be made, if the Court be satisfied that the alleged error exists.
 

 Pee. Curiam, Judgment reversed.